IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**WILLIE SANDERS and DEWEY SANDERS**                                **PLAINTIFFS**

**VS.**                                                    **CIVIL ACTION NO. 3:22-cv-675-KHJ-MTP**

**DOLGENCORP, LLC; FLOWERS BAKERIES SALES
OF ALABAMA, LLC; FLOWERS BAKERIES SALES
OF LOUISIANA, LLC; JOHN DOE PERSONS A-M;
and JOHN DOE ENTITIES P-Z**                                              **DEFENDANTS**

### AMENDED COMPLAINT

*JURY TRIAL REQUESTED*

COME NOW, Plaintiffs, Willie Sanders and Dewey Sanders, by and through counsel, and files this their Amended Complaint against Defendants, Dolgencorp, LLC; Flowers Bakeries Sales of Alabama, LLC; Flowers Bakeries Sales of Louisiana, LLC; John Doe Persons A-M; and John Doe Entities P-Z, and, in support thereof, would respectfully show the following unto the Court, to-wit:

### I. PARTIES

1. Plaintiffs, Willie Sanders and Dewey Sanders, are adult resident citizens of Leake County, Mississippi, whose residential address is 1526 Hudson Road, Carthage, Mississippi 39051.

2. Defendant, Dolgencorp, LLC (hereinafter referred to as "Dolgencorp"), is a for profit limited liability company that, based on a diligent search and inquiry, appears to be organized under the laws of the State of Kentucky and is doing business in the State of Mississippi.[1]

---

[1] Based on documents filed with the Mississippi Secretary of State Office, Dolgencorp, LLC lists its State of incorporation as Kentucky and its principal office address as 100 Mission Ridge, Goodlettsville, TN 37072.  Steven Sunderland. Emily Taylor, Dollar General Corporation, John Garratt, Barbara Springer, Hiren Mehta, and Antonio Zuazo are the listed members of the limited liability company.  They all list their address as 100 Mission Ridge, Goodlettsville, TN 37072.

Dolgencorp can be served with process of this Court via its registered agent for service of process: Corporation Service Company, 109 Executive Drive, Suite 3, Madison, Mississippi 39110.

3. Defendant, Flowers Bakeries Sales of Alabama, LLC, is a for profit limited liability company that, based on a diligent search and inquiry, appears to be organized under the laws of the State of Alabama and is doing business in the State of Mississippi.[2] Flowers Bakeries Sales of Alabama, LLC can be served with process of this Court via its registered agent for service of process: Corporation Service Company, 109 Executive Drive, Suite 3, Madison, Mississippi 39110.

4. Defendant, Flowers Bakeries Sales of Louisiana, LLC, is a for profit limited liability company that, based on a diligent search and inquiry, appears to be organized under the laws of the State of Louisiana and is doing business in the State of Mississippi.[3] Flowers Bakeries Sales of Louisiana, LLC can be served with process of this Court via its registered agent for service of process: Corporation Service Company, 109 Executive Drive, Suite 3, Madison, Mississippi 39110.

5. Defendants, John Doe Persons A-M ("JDP") and John Doe Entities P-Z ("JDE") are individuals and entities presently unknown to plaintiffs at this time and are named in this lawsuit

---

[2] Based on documents filed with the Mississippi Secretary of State Office, Flowers Bakeries of Alabama, LLC lists its State of incorporation as Alabama and its principal office address as 1919 Flowers Circle, Thomasville, GA 31757. Stephanie Tillman, Linda Jones, J.T. Rieck, and Keith Wheeler are the listed members of the limited liability company. They all list their address as 1919 Flowers Circle, Thomasville, GA 31757.

[3] Based on documents filed with the Mississippi Secretary of State Office, Flowers Bakeries of Louisiana, LLC lists its State of incorporation as Louisiana and its principal office address as 1919 Flowers Circle, Thomasville, GA 31757. Stephanie B. Tillman is the only listed member of the limited liability company. She lists her address as 1919 Flowers Circle, Thomasville, GA 31757.

pursuant to the Federal Rules of Civil Procedure. All allegations and claims asserted herein against Defendants are incorporated by reference against JDP and JDE. JDP and JDE will be identified by name and joined in this action, by amendment of the Complaint, pursuant to the Federal Rules of Civil Procedure, when the information to do so becomes available.

## II. JURISDICTION AND VENUE

6. This court has jurisdiction over this cause of action because complete diversity of citizenship exists between the Plaintiffs and the named Defendants and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

7. According to 28 U.S.C. § 104(b)(1), venue properly rests in this Court because the case was removed from the Circuit Court of Leake County, Mississippi, where the Plaintiffs originally filed the case.

## III. FACTS

8. Dolgencorp is the owner of the Dollar General store located at 3073 Highway 16 East in Carthage, Leake County, Mississippi.

9. Flowers Bakeries Sales of Alabama, LLC and/or Flowers Bakeries Sales of Louisiana, LLC is/was the owner of the subject bread tray that was located inside the Dollar General Store at the time of the subject incident herein.

10. On or around November 12, 2020, Plaintiff, Willie Sanders, suffered severe injuries when she fell while on the premises of the department store owned by the Defendant, Dolgencorp. Plaintiff was a business invitee at Dollar General and was purchasing certain items from the store. According to Plaintiff, at the time of her visit, there was a plastic bread tray negligently and hazardously placed and left unattended on one of the store aisle(s). Plaintiff

3

stated that as she was traversing from one aisle to the next, she tripped and fell as a direct result of a plastic bread tray that was negligently and hazardously placed and left unattended by the employees of the Defendants. The employees, servants and/or representatives of the Defendants knew, or should have known of the dangerous situation and condition which existed due to the placement of the plastic bread tray. Moreover, Defendants failed to exercise reasonable care to discover a potential dangerous situation and to take appropriate action to ensure the safety of store invitees. The Defendant(s) breached their duty to monitor the premises and to discover a situation which could pose a danger to store invitees. The Defendant(s), in fact, created an ultra-hazardous and dangerous situation which proximately resulted in Plaintiff's injuries. As a result of Defendant(s)' negligence, Plaintiff, Willie Sanders, suffered severe injuries to her right shoulder, right hand/fingers, and neck.

11. As a result of the accident, Plaintiff, Willie Sanders, suffered and continues to suffer severe and permanent injuries, including without limitation, neck, right shoulder, and right hand/fingers injuries, as well as considerable pain and suffering and emotional distress, through no fault of Plaintiff, but rather solely as a result of the negligence of Defendant(s). Plaintiff has suffered and continues to suffer from injuries that prevent Plaintiff from engaging in normal daily activities, which Plaintiff was fully able to perform before suffering the injuries in the accident.

### IV. CAUSES OF ACTION
### COUNT ONE (1) – NEGLIGENCE AS TO ALL DEFENDANTS

12. Plaintiffs re-allege and incorporate by reference the preceding paragraphs above, as if set forth in full hereinafter.

13. The above-described incident and resulting injuries of Plaintiffs and the resulting loss and damages sustained by Plaintiffs were proximately caused or contributed to by the negligence of Defendant(s).

14. At all relevant times herein, Defendant, Dolgencorp, was the owner of the premises in which the plastic bread tray was hazardously placed and in which Plaintiff was injured.

15. At all relevant times, Defendant, Dolgencorp, maintained a duty to exercise reasonable or ordinary care to keep its premises in a reasonably safe condition or warn of dangerous conditions not readily apparent, which it know of, or should have know of, in the exercise of reasonable care. As owner of the premises, Defendant, among other things, had the duty to maintain its premises in a safe condition for individuals on its property such as Plaintiff, and to inspect and remove any and all potential hazards as to individuals on its property such as Plaintiff.

16. At all relevant times herein, Defendants, Flowers Bakeries Sales of Alabama, LLC and/or Flowers Bakeries Sales of Louisiana, LLC, was the owner of the plastic bread tray which was negligently and hazardously placed and left unattended on one of the store aisle(s) and thereby caused Plaintiff to trip and fall.

17. At all relevant times, Defendants, Flowers Bakeries Sales of Alabama, LLC and/or Flowers Bakeries Sales of Louisiana, LLC, maintained a duty to exercise reasonable or ordinary care to ensure that its bread tray was placed in a safe and visible location within the store, was in a reasonably safe condition, or warn of dangerous conditions involving the subject bread tray that were not readily apparent, which it know of, or should have know of, in the exercise of reasonable care. As owner of the subject bread tray, Defendant, among other things, had the

duty to maintain and to ensure that its bread tray was placed in a safe and visible location within the store for individuals, such as Plaintiff, who may access and/or come into contact with said bread tray, and to inspect and remove any and all potential hazards as to individuals, such as Plaintiff, who may access and/or come into contact with said bread tray.

18. Disregarding the duties as owner of the premises and the bread tray in question, Defendants were guilty of one or more of the following:

   (a).   Failure to maintain the premises in a reasonably safe condition;

   (b).   Failure to warn Plaintiff of the dangerous condition which existed due to having a plastic bread tray negligently and hazardously placed in the area where it was located on the store aisle;

   (c).   Failure to warn Plaintiff that the plastic bread tray was negligently and hazardously placed in the area where it was located on the store aisle;

   (d).   Failure to take evasive action to prevent or avoid the incident when Defendant knew, or in the exercise of reasonable care should have known, of the risk of potential injury to a store patron as a direct result of the placement of the plastic bread tray;

   (e).   Failure to otherwise exercise due care with respect to the allegations contained in the Complaint;

   (f).   Failure to inspect, remove, or alter the placement of the plastic bread tray because such a condition was likely to cause injury;

   (g).   Failure to identify and remedy known or foreseeable hazards;

   (h).   Failure to exercise reasonable care, and permitting and allowing said premises to become and remain in a negligent, defective and unreasonably

dangerous condition;

(i) Defendant(s) negligently and carelessly failed to inspect said area for this hazardous condition when it knew or with reasonable diligence should have known that such condition greatly increased the risk that persons, including this Plaintiff, could trip and fall over the negligently and hazardously placed plastic bread tray; and

(j). Any and all other negligent acts and/or omissions which may be shown during the course of proceedings on this cause.

19. Said negligent acts and/or omissions of Defendants were proximate and/or contributing causes of the above-described incident, the resulting injuries sustained by Plaintiffs, and the resulting losses and damages as described hereinafter.

**COUNT TWO (2) - RESPONDEAT SUPERIOR AS TO ALL DEFENDANTS**

20. Plaintiffs re-allege and incorporate by reference the preceding paragraphs above, as if set forth in full hereinafter.

21. Defendants are responsible for the acts and omissions, including negligence, gross negligence, and negligence per se of its employees and agents under the theory of *respondeat superior*.

22. The negligence, gross negligence and negligence per se of Defendants' employees, which breached the standard of care owed to the Plaintiffs, caused the Plaintiffs great harm and damages. This conduct is imputed to the Defendants.

23. As a direct and proximate consequence of the above failures of the within named Defendant(s), Plaintiffs have sustained losses and damages as described hereinafter.

## V. DAMAGES

24. Plaintiffs re-allege and incorporate by reference the preceding paragraphs above, as if set forth in full hereinafter.

25. Plaintiff, Dewey Sanders, is the spouse of Plaintiff, Willie Sanders.

26. By reason of the foregoing, Plaintiff, Dewey Sanders, has suffered and been deprived of the aid, companionship, company, society, comfort, and services of his spouse, and has been deprived of the rights and interests which have accrued by reason of his marital relationship and the continuation of said marital relationship, including those of fellowship, support, aid, companionship, company, society, affection, comfort, services, and cooperation, resulting in damages as defined and allowed by Mississippi statutory and common law.

27. As a direct and proximate result of the negligent acts of said Defendant(s), Plaintiff, Dewey Sanders, sustained injuries and incurred substantial damages as listed herein below including, but not limited to, the following:

    (a).    Past, present, and future mental anguish and emotional distress;

    (b).    Loss of consortium; and

    (c).    Any other relief which the Court or jury deems just or appropriate based upon the circumstances.

28. As a direct and proximate result of the concurrent negligent acts of said Defendant(s), Plaintiff, Willie Sanders, sustained injuries and incurred substantial damages as listed herein below including, but not limited to, the following:

    (a).    Past, present, and future doctor, hospital, drug, and medical bills;

    (b).    Past, present, and future mental anguish and emotional distress;

 (c).   Past, present, and future physical pain and suffering;

 (d).   Inconvenience and discomfort;

 (e).   Permanent physical impairment;

 (f).   Disfigurement;

 (g).   Loss of enjoyment of life; and

 (h).   Any other relief which the Court or jury deems just or appropriate based upon the circumstances.

## VI. RELIEF DEMANDED

WHEREFORE, PREMISES CONSIDERED, Plaintiffs demands a trial by jury and that Defendants be served with process of this Court, to appear and answer same, and that after due proceedings be had, there be a monetary judgment herein in favor of Plaintiffs of and from Defendant(s) for:

 (a).   Actual and compensatory damages;

 (b).   Punitive damages;

 (c).   Reasonable attorney fees;

 (d).   Pre-judgment and post-judgment interest and all costs accrued in this action; and

 (e).   Any other legal or equitable relief the Court deems just and appropriate under the circumstances.

RESPECTFULLY SUBMITTED, this the 18th day of May, 2023.

**WILLIE SANDERS and DEWEY SANDERS**

BY: */s/ Jwon T. Nathaniel*
JWON T. NATHANIEL, MSB NO. 101925
ATTORNEY FOR PLAINTIFFS

OF COUNSEL:

NATHANIEL LAW FIRM, PLLC
Post Office Box 5445
Brandon, Mississippi 39047
Telephone: 601-937-2535
Facsimile: 601-519-0017
E-mail: Jwon_Nathaniel@yahoo.com